IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | | |
|---|---|---|
| TRISTAIN K. COLE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 1:24-cv-531 |
| | : | |
| v. | : | PLAINTIFF DEMANDS TRIAL |
| | : | BY JURY |
| WHEELING & LAKE ERIE | : | |
| RAILWAY COMPANY, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT-CIVIL ACTION

COMES NOW the Plaintiff Tristian K. Cole, by counsel, and files this Complaint against the Wheeling & Lake Erie Railway Company, and respectfully moves this Court for entry of judgment against Defendant for the following reasons:

1. This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as amended.

## PARTIES

2. Wheeling & Lake Erie Railway Company ("Defendant" or "Wheeling") is a railroad corporation organized and existing under the laws of the State of Delaware, which has been duly authorized to conduct business in the State of Ohio, and at all times relevant hereto, Wheeling has been doing business within the jurisdiction of this Court as a common carrier of interstate commerce and has been engaged in interstate commerce and transportation.

3. Tristian K. Cole ("Plaintiff" or "Cole") resides in Ashland, Ashland County, Ohio and was, at all times relevant hereto, an employee of Wheeling.

## JURISDICTION & VENUE

4. At all times relevant hereto, Wheeling was regularly, purposefully, and systematically conducting its business within Cuyahoga County, Ohio and within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate and intrastate commerce.

## BACKGROUND FACTS

5. On April 14, 2021, Cole was employed by Wheeling as a conductor and was performing his duties for Wheeling in Willard Yard, Huron County, Ohio, which is the property of CSX Transportation, Inc.

6. On that day, and in the course of his employment, Cole was inspecting an outbound train when he encountered two refrigerator cars with "butted knuckles" which in railroad terminology, means that the couplers on both rail cars were closed. A coupler is a mechanism located at each end of a rail vehicle that connects the cars together to form a train. The rail cars couple automatically when one or both knuckles are open and the cars are pushed together, but at least one of the couplers must be open in order to for the rail cars to connect properly.

7. As Cole was attempting to move the coupler on one of the rail cars into an open position, he slipped as a result of unsafe ground conditions created by loose and uneven ballast. As Cole slipped, he struck his right foot on the rail, resulting in injuries to both feet.

8. The unsafe ground conditions in Willard Yard were a cause of Cole's injuries.

## COUNT I

**(Violation of Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*.)**

9. Plaintiff incorporates by reference and re-alleges paragraphs 1 - 8 as though fully set forth herein.

10. The FELA is remedial legislation enacted by the United States Congress in 1908 and liberally amended in 1939 to compensate railroad workers for personal injuries and occupational diseases suffered in the course of their employment.

11. Railroad workers covered under the Act are not eligible for state workers' compensation, and FELA provides the sole remedy against their railroad employers for job-related injuries and occupational diseases.

12. At the time of the incident described herein, Plaintiff was working for Wheeling "in interstate commerce," as contemplated by FELA § 51.

13. At the time of the incident described herein, Plaintiff's duties with Wheeling, "directly and substantially affected" interstate commerce, as contemplated by FELA § 51.

14. Plaintiff's accident and injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

15. Under the FELA, Wheeling may not delegate its duty to provide employees with a reasonably safe work place.

16. Due to its non-delegable duty, Wheeling is liable for all acts of negligence on the part of CSX Transportation, Inc. in the provision of unsafe ground conditions in Willard Yard to which Cole was subjected as Wheeling's employee.

17. Notwithstanding said duty, by and through its agents, servants, officers and employees, acting within the scope of their employment, Wheeling negligently and carelessly breached its non-delegable duty to provide Cole with a reasonably safe place to work.

18. The incident described in the preceding paragraphs was caused in part by the negligence and carelessness of Wheeling, who, acting through its agents and employees:

    a. Failed to provide Plaintiff with a reasonably safe place to work;

    b. negligently and carelessly failed to inspect, monitor, and/or maintain the premises on which Plaintiff was assigned to work;

    c. negligently and carelessly failed to warn Plaintiff of foreseeable dangers;

    d. negligently and carelessly failed to promulgate and enforce appropriate rules, regulations, policies and procedures for the safe and proper performance of its work; and

    e. was otherwise negligent through the acts and/or omissions of its agents, officers, employees, managers, supervisory personnel, and/or others;

    f. Such other acts of negligence to be shown by the evidence in this case.

19. On April 14, 2021, Wheeling failed to comply with the provisions of the FELA, 45 U.S.C. §§ 51-60, as amended.

20. As a result of the aforesaid negligence and FELA violations by Wheeling, acting through its agents and employees, Plaintiff was seriously and permanently injured. He has suffered physical pain, discomfort, psychological and emotional injury, mental anguish, and these will or may continue in the future; he has incurred substantial expenses for treatment by physicians and related medical care, and in the future he will or may likely continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time and income, as well as other benefits from his employment; he has suffered a loss of earning capacity; and he has been unable to perform many of the usual personal affairs of a man of his age and position in life and, in the future, he will or may continue to be unable to perform such affairs.

## COUNT II
### (Violation of Federal Rail Safety Act, 49 U.S.C. § 20109(a)(4))

21. Plaintiff incorporates by reference and re-alleges paragraphs 1- 20 as though fully set forth herein.

22. The FRSA prohibits railroad carriers from demoting, suspending, reprimanding, or in any other way discriminating against an employee for engaging in protected activity. Protected activity includes "notify[ing], or attempt[ing] to notify, the railroad carrier . . . of a work-related personal injury . . . ." 49 U.S.C. § 20109(a)(4).

23. When he suffered the injury, Cole was working for Wheeling & Lake Erie Railway on CSX's property.

24. Cole reported his injury to Respondents.

25. Respondents responded to Cole's report by prohibiting him from working on CSX's property.

26. Respondent gave no reason for the prohibition other than Cole's injury report.

27. From the day it was issued to the day it was lifted, the prohibition negatively affected Cole. The jobs Cole held at Wheeling & Lake Erie Railway which did not require him to work on CSX's property were hours away from his house.

28. For over a year, Cole got up before dawn, drove hours to report to work, worked a full shift, and then drove home.

29. Respondent did not pay Cole for the above-described travel.

30. Respondent did not reimburse Cole for the costs he has incurred due to this discipline and retaliation.

31. Cole was engaged in protected activity by reporting the injury to Respondents.

32. Respondent knew Cole had engaged in protected activity when it disciplined him.

33. While the ban was still in place, on January 10, 2023, pursuant to the FRSA, Mr. Cole filed a complaint with the Regional Administrator for the Department of Labor/Occupational Safety and Health Administration. After Cole filed that complaint, and as a direct result of that complaint, CSX withdrew the ban.

34. The FRSA provides that if a final order is not issued by the Secretary of Labor within two hundred and ten (210) days after the filing of a complaint with OSHA, the complainant may file a civil action in U.S. District Court. As of the filing of Mr. Cole's original FRSA Complaint on January 10, 2023, a final order had not been issued by the Secretary of Labor in the matter, and more than 210 days had passed from the filing of Mr. Cole's complaint with OSHA.

35. Pursuant to section (d)(3) of the FRSA, Mr. Cole has a statutory right to bring an original action in a United States District Court for a jury trial regarding Amtrak's violations of the FRSA, and Mr. Cole is now bringing this original action at law and equity for de novo review in this Court, which has jurisdiction over this action without regard to the amount in controversy.

36. Cole further request that OSHA and the DOL order judgment against Respondent for all other relief available under the FRSA and such other relief the OSHA and the DOL deems just and equitable.

37. The Plaintiff Tristain K. Cole, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the Defendant in the amount of Three Hundred Fifty Dollars ($350,000.00), plus all costs allowed by law to be charged against the Defendant, and for such other relief as deemed appropriate and permitted by law.

**JURY DEMAND**

Plaintiff Tristian K. Cole hereby demands trial by jury.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that he be awarded judgment against Wheeling in an amount to be determined by a jury, but asserted to be in excess of Three Hundred Fifty Dollars ($350,000.00), together with post-judgment interest and the costs of this proceeding, as well as such other and further relief as may be appropriate under the circumstances of this case.

                                                TRISTIAN K. COLE
                                                 Plaintiff

Dated: 3/21/2024                        s/ Claude W. Anderson, Jr.
                                                 Claude W. Anderson, Jr. (VA 26387)
                                                 THE MOODY LAW FIRM
                                                 500 Crawford Street, Suite 200
                                                 Portsmouth, Virginia 23704
                                                 Phone: (757) 393-4093
                                                 Fax: (757) 397-7257
                                                 woody@moodyrrlaw.com

                                                 *Attorney for Plaintiff*